UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**JEREMY BRITTON and**
**COMMERCIAL CONSULTING LLC,**

    **Plaintiffs,**

v.                                                                   No: _____
                                                                      **JURY DEMANDED**

**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiffs, Jeremy Britton and Commercial Consulting LLC, by and through counsel, and submit the following for their Complaint against State Automobile Mutual Insurance Company:

### PARTIES AND JURISDICTION

1. Plaintiff Jeremy Britton is a citizen of Callaway County, Kentucky.  At all times relevant hereto, Jeremy Britton had an insurable and financial interest in the real property and commercial structure located at and around 511 Broadway St., South Fulton, Obion County, Tennessee (the "Insured Premises").

2. Plaintiff Commercial Consulting LLC ("Commercial Consulting") is a limited liability company formed under the laws of the State of Tennessee with its principal place of business also located in Tennessee.  Commercial Consulting consists of a single member, Jeremy Britton.  Commercial Consulting is a citizen of Tennessee and Kentucky.  At the time of the Loss

(defined below), Commercial Consulting had an insurable and financial interest in the Insured Premises. Commercial Consulting is a loss payee under the Policy (defined below).

3. State Automobile Mutual Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Obion County, Tennessee. Defendant is a corporation formed under the laws of the State of Ohio, with its principal place of business located at 518 E. Broad St., Columbus, Ohio. Defendant is a citizen of Ohio.

4. This Complaint originates as the result of a wind and hailstorm event that caused substantial insured losses to the Insured Premises and Defendant's failure and refusal to promptly and fully pay Plaintiffs' insurance claim and otherwise honor the terms of the subject insurance policy.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Insured Premises is situated in this District and the events giving rise to the claim upon which this action is based occurred in this District.

## **FACTS**

### The Policy

7. At all times relevant hereto, Jeremy Britton was a named insured and Commercial Consulting was a loss payee pursuant to an insurance contract, bearing Policy No. 10143172CB, whereby Defendant agreed to insure the Insured Premises against property damage (the "Policy"). The relevant term of the Policy is August 3, 2022 through August 3, 2023. A copy of the Policy is attached as ***Exhibit 1***.

8. The Policy contains a Loss Payable Clauses endorsement, which identifies Commercial Consulting as a "loss payee". By naming Commercial Consulting as a loss payee, Defendant agreed to include Commercial Consulting on loss payments.

9. The Loss Payable Clauses endorsement created a binding contract between Commercial Consulting and Defendant. As a loss payee, Commercial Consulting is an additional insured under the Policy.

10. Alternatively, Commercial Consulting was an intended third-party beneficiary of the binding contract between Jeremy Britton and Defendant, both of whom demonstrated a clear intent to have the contract operate for the benefit of Commercial Consulting.

11. The Policy provided insurance coverage for direct physical loss of or damage to the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

12. The Policy was an "all-risks" policy, meaning that the Policy covered all risks of direct physical loss of or damage to the covered property except for those specifically excluded or limited by the Policy.

13. The Policy's coverage for the Insured Premises was on a replacement cost valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

14. The Policy provided a limit of insurance coverage for the Insured Premises in the amount of $907,000.00.

15. The Policy included a deductible of $2,500.00 for the Insured Premises.

16. Pursuant to the Policy, Plaintiffs paid an annual premium to Defendant in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

<u>The Loss & Claim Investigation</u>

17. On or about July 18, 2023, the Insured Premises was damaged by a severe wind and hailstorm event, resulting in substantial direct physical loss of or damage to the Insured Premises, including, but not limited to, its roofs, gutters, HVAC units, parapet caps, other soft metals, etc. (the "Loss").

18. The Policy was in full force and effect at the time of the Loss.

19. As it relates to the Loss, there is no applicable exclusion or limitation. The Loss is a compensable claim under the Policy.

20. Plaintiffs promptly reported the Loss to Defendant upon discovery of the damage.

21. Defendant assigned claim number PR-0000000-548627 to the Loss.

22. Defendant subsequently retained Envista Forensics (an engineering firm) ("Envista") to inspect the Insured Premises for hail damage.

23. Envista issued a report dated December 21, 2024 that confirmed that hail had struck and impacted the Insured Premises.

24. Despite Envista's findings, Defendant asserted that the Loss was not covered by the Policy. Thus, it refused to issue any payment for the Loss.

25. Defendant, via letter dated January 14, 2025, denied coverage for the Loss, asserting that Envista did not locate hail damage to the "roofing materials". Defendant's assertion is false, and its denial omits any reference to Envista's confirmation of damaged soft metals at the Insured Premises.

26. Defendant's assertion that the Loss is not covered by the Policy is factually false.

27. To date, Defendant has refused to issue any payment for the Loss.

28. The amount owed by Defendant to Plaintiffs less the applicable deductible is in excess of $75,000.00.

29. Defendant has failed to indemnify Plaintiffs as required by the Policy, and Plaintiffs have not been properly compensated for the damage to the Insured Premises.

The Loss is Compensable Under the Policy

30. Plaintiffs fulfilled all of the duties after the Loss that were imposed upon them by the Policy to the satisfaction of Defendant.

31. Hail damage is covered by the Policy.

32. There is no reasonable coverage dispute.

33. Defendant's refusal to pay Plaintiffs the amounts owed to them for the Loss is without justification.

34. Defendant is in material breach of the Policy by failing to fully and adequately pay Plaintiffs for their covered losses.

35. In an effort to avoid potentially unnecessary litigation, Plaintiffs requested that Defendant execute a Tolling Agreement that would extend the Policy's suit limitations period.

36. Defendant refused to enter a Tolling Agreement.

37. Defendant's failure and refusal to pay the money and benefits due and owing Plaintiffs under the Policy and to enter a Tolling Agreement caused Plaintiffs to initiate this Complaint to recover the insurance proceeds to which they are entitled.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

38. The allegations contained in the paragraphs above in this Complaint are incorporated herein by reference as if set forth verbatim.

39. The Policy issued by Defendant is a binding contract between Jeremy Britton and Defendant and is supported by valid consideration.

40. The Policy issued by Defendant is a binding contract between Commercial Consulting and Defendant and is supported by valid consideration.

41. Alternatively, Commercial Consulting is an intended third-party beneficiary to the binding contract between Jeremy Britton and Defendant.

42. Defendant is in total material breach of the Policy, and Defendant is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant breached its contract with Plaintiffs by failing and refusing to fully and promptly pay the amounts owed to Plaintiffs as a result of the Loss and as required by the terms of the Policy.

43. As a result of Defendant's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy.

44. Defendant is liable to Plaintiffs for their losses.

45. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g.*, *Riad. v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of the claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding the claim for insurance proceeds; (3) unjustly refused and/or failed to fully pay the claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat Plaintiffs' interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide reasonable and prompt payment for the insured losses; (6) failed and refused to fully and promptly pay Plaintiffs' valid claim; (7)

forced Plaintiffs to file suit in order to enforce their rights under the Policy; (8) utilized biased outcome-oriented adjuster(s) and engineer(s) with the goal of denying Plaintiffs' claim; (9) misconstrued policy provisions to avoid liability; (10) ignored valid portions of Plaintiffs' claim for no good reason and with no explanation; (11) refused and failed to obtain all reasonably available information before asserting that it owed no payment to Plaintiffs as a result of the Loss; (12) misrepresented the availability of coverage for the damages associated with the Loss; (13) misrepresented the results of its own investigation; (14) engaged in conduct designed to decrease and minimize the amount to be paid to Plaintiffs; and (15) engaged in such other conduct as alleged in this Lawsuit and/or to be shown at trial.

46. Defendant knew, or reasonably should have known, that Plaintiffs were justifiably relying on the money and benefits due them under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Defendant consciously and intentionally denied Plaintiffs' claim and withheld monies and benefits rightfully due Plaintiffs. Plaintiffs seek, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment to Plaintiffs as follows:

    A.    For compensatory damages in an appropriate amount to be determined by the jury;

    B.    For punitive damages in an appropriate amount to be determined by the jury;

    C.    For all costs incurred by Plaintiffs as a result of this action;

    D.    For pre- and post-judgment interest; and

    E.    For such other further and general relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs demand a jury.

                              Respectfully submitted,

                              McWHERTER SCOTT & BOBBITT, PLC

                              s/ Baker G. Evans
                              BAKER G. EVANS #039868
                              baker@msb.law
                              CLINTON H. SCOTT #23008
                              clint@msb.law
                              54 Exeter Rd., Ste. D
                              Jackson, Tennessee 38305
                              Telephone: (731) 664-1340
                              Facsimile: (731) 664-1540

                              *Attorneys for Plaintiffs*